IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-32 |
| | ) | (PHILLIPS/GUYTON) |
| STEVE SHIPLEY, | ) | |
| JEREMY ROBBINS, | ) | |
| DIANE SHANDS ROBBINS, | ) | |
| WILLIAM S. DENTON, III, | ) | |
| VAIRAME TEDESCO, | ) | |
| ERIC WATSON, | ) | |
| ANDREW SEATON, and | ) | |
| SIDNEY DOUGLAS ADAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the Court on June 17, 2005, for a scheduling conference. Assistant United States Attorney David Jennings was present for Assistant United States Attorney Hugh Ward on behalf of the government. The following defense counsel were present: Randall E. Reagan representing Steve Shipley, James A.H. Bell and Richard Gaines representing Jeremy Robbins, Jeff Daniels representing Diane Shands Robbins, Donald A. Bosch and Lisa Hatfield representing William S. Denton III, Jonathan Cooper representing Vairame Tedesco, Jimmy Kyle Davis representing Eric Watson, and Ralph Harwell and Tracy Smith representing Sidney Douglas Adams. Mr. Gaines also had dates for Attorney Wade Davies, who represents Andrew Seaton and who was excused from the hearing.

1

At the hearing, the Court set **August 29 and 30, 2005, at 9:30 a.m.**, as dates for hearing the pending defense motions. The Court will take up non-evidentiary motions on the morning of August 29, 2005, and will conduct evidentiary hearings beginning on the afternoon of August 29 and continuing through August 30. Defense counsel agreed to work together and with the government to establish a schedule for the most efficient order for the Court to address the motions. Attorney Gaines agreed to coordinate this schedule and to submit it to the Court before the August 29 hearing date.

Attorney Reagan requested that the Court set a deadline for defendants to adopt the motions of codefendants. The Court finds this suggestion to be well-taken and sets **June 24, 2005**, as the deadline for defendants to request to adopt the pertinent motions of codefendants. Defense counsel requesting to adopt motions must list those specific motions that he or she seeks to adopt (i.e., the Court will not permit a blanket motion, adopting all other pending motions). This deadline pertains only to the adoption of pending motions and does not extend the deadline for filing motions.

Attorney Bell asked that the Court consider, on its own motion, designating this case as complex for speedy trial purposes. Attorney Bosch objected to such designation, stating that his client wanted to proceed to trial as soon as possible. The Court informed the parties that it would revisit the issue of the trial date at the August 29 hearing.

Attorney Bell also asked the Court to direct the government to provide the defendants with all discovery that it had to date. He argued that he had not been provided with certain photographs and information relating to the search of a residence related to his client as well as certain forensic evidence that he believed to exist. Attorney Bosch agreed that there had been numerous discovery lapses in this case. Attorney Harwell joined in the motion for discovery to be forthcoming, noting

2

that the government's discovery deadline had passed. AUSA Jennings said that he could not speak to any discovery issues because he was not familiar with the case. The Court declined to take up discovery disputes in the absence of AUSA Ward. Instead, the Court asked defense counsel to select two attorneys who would coordinate the discovery questions of defense counsel and could be available for a hearing within the next week. Attorneys Gaines and Hatfield agreed to serve in this capacity. The Court **DIRECTS** Mr. Gaines and Ms. Hatfield to confer with the government about the defendants' discovery issues. If the parties are not able to work out the discovery issues without the Court's involvement, then Mr. Gaines, Ms. Hatfield, and AUSA Ward are to contact chambers by **June 23, 2005**, to set up a conference on the discovery issues.

Accordingly, it is **ORDERED**:

(1) If the parties need to bring discovery issues before the Court, Attorneys Richard Gaines and Lisa Hatfield and AUSA Ward are to contact chambers to schedule a conference by **June 23, 2005**;

(2) The defendants must file any motions to adopt the specific motions of codefendants by **June 24, 2005**;

(3) The parties are to appear for a two-day hearing on the pending motions on **August 29 and 30, 2005, at 9:30 a.m.**; and

(4) The parties are to agree upon and provide the Court with a schedule for the Court to address the pending motions by **August 28, 2005**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

3