UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:05-CR-32 |
| v. ) | JUDGE PHILLIPS/GUYTON |
| ) | |
| STEVE SHIPLEY, ) | |
| ) | |
| Defendant. ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 17, 2005, a Second Superseding Indictment was filed in the above-referenced case charging STEVE SHIPLEY with, among other things, in Count One, conspiracy to knowingly, intentionally, and without authority manufacture, distribute and possess with intent to distribute in excess of one-thousand (1,000) kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and distribute and possess, with intent to distribute, hydrocodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

WHEREAS, in the Forfeiture Allegations of the Second Superseding Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to Title 21 U.S.C. § 853, in, among other things, the property described below which constitutes, or was derived from, proceeds obtained, directly or indirectly, as a result of the offense charged in, among other things, Count One of the Second Superseding Indictment or was property used in any manner or part, to commit, or to facilitate the commission of said offense.

AND WHEREAS, on August 7, 2006, the Defendant, STEVE SHIPLEY, pled guilty to Count One charging him with violations of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) of the Second Superseding Indictment and agreed to forfeit his interest to the United States in the following properties in which he hereby asserts that he is the sole and exclusive owner of the properties and that no one else has any legal or equitable interest therein:

**Currency**

    (a)     $92,180.00 in United States currency seized on or about March 4, 2005 from Steve Shipley's residence..

**Vehicles**

    (a)     1998 Chrysler Van, VIN 1C4GP54G4WB714550; and

    (b)     1991 Chevrolet Truck, VIN 1GCCS14R5M8310321.

AND WHEREAS, on August 7, 2006, this Court accepted the guilty plea of the defendant, STEVE SHIPLEY, and by virtue of said guilty plea and conviction, the Court has determined that the property identified above is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     That based upon the conviction of defendant, STEVE SHIPLEY, under 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(C), the United States is hereby authorized to seize the following property and the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853:

**Currency**

  (a) $92,180.00 in United States currency seized on or about March 4, 2005 from Steve Shipley's residence..

**Vehicles**

  (a) 1998 Chrysler Van, VIN 1C4GP54G4WB714550; and

  (b) 1991 Chevrolet Truck, VIN 1GCCS14R5M8310321.

2. That the aforementioned property is to be held by the United States Marshals Service in their secure custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service and to the United States Attorney's Office.

ENTER:

*Thomas H. Phillips*
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

By: *(signature)*
HUGH B. WARD, JR.
Assistant U.S. Attorney

*(signature)*
STEVE SHIPLEY
Defendant

*(signature)*
RANDALL E. REAGAN
Attorney for Steve Shipley

4